UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **HARMONY V. PEDDY** | * | **CIVIL ACTION NO. 10-00873** |
| VS. | * | MAGISTRATE JUDGE HILL |
| **WARWICK CONSTRUCTION, INC.** | * | BY CONSENT OF THE PARTIES |

<u>RULING ON MOTIONS FOR SUMMARY JUDGMENT</u>

Pending before the Court are the Motion for Summary Judgment filed by defendants, Warwick Construction, Inc., Jorge Navarro d/b/a Everest Construction Services, and Hallmark Specialty Insurance Company, on February 27, 2012 [rec. doc. 44], and the Motion for Summary Judgment filed by defendant, Amerisure Insurance Company, on March 12, 2012. [rec. doc. 46]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, the Motions are **GRANTED**.

*Background*

Plaintiff, Harmony V. Peddy ("Peddy"), alleges that she was injured on or about June 5, 2009, when a six-foot metal beam fell from the top of a refrigerator and crushed her head. The beam was part of construction debris/trash which had been placed and left on top of the refrigerator by Warwick Construction, Inc. ("Warwick"), which had been

---

[1] Local Rule 7.5 provides that opposition shall be filed 21 days after service of the motion.

1

sub-contracted by plaintiff's employer, Aaron Rents, Inc. ("Aaron Rents"), to do a renovation of a store display area.

On June 1, 2010, Peddy filed a Complaint for Damages in this Court against Warwick on the basis of diversity jurisdiction.  On July 27, 2010, Peddy filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Southern District of Mississippi.  In her bankruptcy schedules, Peddy failed to identify this previously filed lawsuit.  The bankruptcy trustee, Kimberly Lentz ("Lentz") confirmed that the claim had not been abandoned back to Peddy.

On February 27, 2012, Warwick filed a Motion for Summary Judgment on the grounds that no genuine issues of material fact existed regarding Peddy's lack of standing to pursue this claim and/or due to judicial estoppel.  [rec. doc. 44].  Defendant, Amerisure Insurance Company ("Amerisure"), filed a Motion for Summary Judgment on May 12, 2012, based on the same grounds.  [rec. doc. 46].  By letter dated April 26, 2012, Lentz advised that she did not intend to pursue the claims as to Peddy, and notified the bankruptcy court of her intention to abandon the claims.

## Summary Judgment Standard

Fed. R. Civ. Proc. 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The standard for granting summary judgment remains unchanged after the 2010 amendments.  Advisory Committee Notes to Subdivision (a).

**Analysis**

Defendants argue that they are entitled to summary judgment for two reasons: (1) Peddy filed for Chapter 7 bankruptcy after initiating this lawsuit, thus she lost her standing to purse these claims any further, and (2) alternately, when she failed to disclose this lawsuit in her bankruptcy schedules, she became judicially estopped from seeking any recovery thereafter.

Section 541 of the Bankruptcy Code provides that virtually all of a debtor's existing assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition. *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (*citing* 11 U.S.C. § 541(a)(1)). The Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*. (emphasis in original). *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action. *Id*.

The debtor need not know all of the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed. *Id*. Any claim with potential must be disclosed, even if it is contingent, dependent, or conditional. *Id*.

In this case, the instant lawsuit was filed less than two months prior to the time that Peddy filed bankruptcy. Thus, Peddy was required to disclose this claim in the Bankruptcy proceeding.

Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned by the trustee to the debtor pursuant to § 554. *Kane*, 535 F.3d at 835. Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed. *Id*. (*citing* 11 U.S.C. §§ 323, 541(a)(1)). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. *Id*.; *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1269, 1272 (11th Cir. 2004). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy case.

In this case, Peddy's personal injury claim became an asset of the bankruptcy estate when she filed her complaint. Lentz, as trustee, then became the real party in interest in Peddy's damages suit at that time.

However, by letter dated April 24, 2012, Lenz informed this Court that she did not intend to pursue the claims in this case. [rec. doc. 52]. She indicated that she had notified the bankruptcy court of her intention to abandon the claims on March 8, 2012.

On May 1, 2012, the Court issued the following Order:

> "**IT IS HEREBY ORDERED** that plaintiff, Harmony V. Peddy, show cause on **May 15, 2012 at 2:00 p.m. in Courtroom 6** why the Motion for Summary Judgment filed by defendants, Warwick Construction, Inc., Jorge Navarro d/b/a Everest Construction Services, and Hallmark Specialty Insurance Company [rec. doc. 44], and the Motion for Summary Judgment filed by defendant, Amerisure Insurance Company [rec. doc. 46], should not be granted."

On May 15, 2012, Peddy failed to appear for the hearing. Thus, the motions became unopposed at that point.

Although the trustee is no longer the real party in interest, defendants alternatively argue that Peddy is judicially estopped from recovery. Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *Kane*, 535 F.3d at 385 (*citing In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004)). The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest. *Id*. As an equitable doctrine, generally, judicial estoppel is invoked where "intentional self-contradiction" is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. *Id*.

The Fifth Circuit has recognized three particular requirements that must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position, and (3) the non-disclosure must not have been inadvertent. *Id*. In the context of judicial estoppel, "inadvertence" requires either that the debtor lacks

5

knowledge of the undisclosed claim or has no motive for its concealment. In the Fifth Circuit, the court has applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed. *Id*.

As to the first factor, Peddy's positions in the bankruptcy court and personal injury litigation were internally inconsistent. The Bankruptcy Court and Rules impose upon bankruptcy debtors a duty to disclose all assets, including contingent and unliquidated claims. *Superior Crewboats, Inc*., 374 F.3d at 335 (*citing Coastal Plains, Inc*., 179 F.3d at 208). The duty to disclose is continuous. *Id*. Thus, under *Coastal Plains*, Peddy's omission of the personal injury claim from her mandatory bankruptcy filings is tantamount to a representation that no such claim existed. *Id*.

Second, the bankruptcy court accepted Peddy's previous position. Adoption does not require a formal judgment; rather, it only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition. *Superior Crewboats*, 374 F.3d at 335. Here, as in *Superior Crewboats*, the bankruptcy trustee formally abandoned the claim, and the bankruptcy court rendered a discharge of Peddy's debts, thereby adopting Peddy's position.

Finally, Peddy's non-disclosure of a viable personal injury claim was not inadvertent. The debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has

6

no has no motive for their concealment. *Superior Crewboats*, 374 F.3d at 335.

Neither consideration exculpates Peddy here. She certainly had knowledge of the undisclosed claim, initiating suit less than two months prior to filing bankruptcy. She was aware of the facts underlying her claim and her continuing obligation to disclose its existence to the court. Thus, the Court finds that judicial estoppel bars Peddy from pursing her personal injury claim.

## *Conclusion*

Based on the foregoing reasons, the Motions for Summary Judgment are **GRANTED**, and all claims filed by plaintiff are **DISMISSED WITH PREJUDICE**.

Signed May 21, 2012, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE